[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15581
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-62421-MGC

WILLIAM H. JONES, JR.,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF MANAGEMENT SERVICES,
Division of Retirement,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff William Jones, proceeding *pro se*, filed a complaint against Defendant State of Florida, Department of Management Services, Division of Retirement.  The district court dismissed Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Jones appeals that dismissal.  After careful review, we affirm.

## I.    BACKGROUND

In 2015, Plaintiff filed a handwritten complaint against Defendant.  Though the complaint is disjointed and confusing, Plaintiff appears to challenge the will and retirement beneficiary distribution of his deceased spouse, Maxine Brown.  Plaintiff attached several documents to his complaint, including documents pertaining to Defendant's denial of his claim challenging his wife's beneficiary distribution, as well as documents related to his wife's immigration status.  Plaintiff also filed a motion to proceed *in forma pauperis*.

The district court *sua sponte* denied without prejudice Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).  The district court determined that, even construing the complaint liberally, it failed to meet the pleading standard under Federal Rule of Civil Procedure 8, as it did not provide any factual allegations pertaining to the relief sought or put Defendant on notice about the cause of action Plaintiff intended to pursue.

2

## II.    DISCUSSION

We review *de novo* the district court's dismissal of a complaint for failure to state a claim, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals.  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001).  Section 1915(e)(2)(B)(ii) provides that a district court shall dismiss a case proceeding *in forma pauperis* at any time if it determines that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) further provides that in order to state a claim for relief, a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quotations omitted).

3

In his appellate brief, Plaintiff does not raise any arguments pertaining to the district court's dismissal of his complaint for failure to state a claim. Plaintiff's brief instead consists of a compilation of immigration decisions and other documents related to his wife's last will and testament and her beneficiary designation. Plaintiff has therefore abandoned any arguments he may have had challenging the district court's dismissal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Nevertheless, even if we concluded that Plaintiff had not abandoned his challenge to the district court's dismissal of his complaint, the district court did not err by dismissing the complaint for failure to state a claim. Even construing Plaintiff's complaint liberally, it fails to comply with Federal Rule of Civil Procedure 8. Indeed, Plaintiff does not state a basis for federal jurisdiction, nor is it clear what causes of action Plaintiff is asserting against Defendant or what relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a).

Further, the district court dismissed Plaintiff's complaint without prejudice and provided him the opportunity to amend his complaint to properly state a claim. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at

4

least one chance to amend the complaint before the district court dismisses the action with prejudice." (quotations omitted)).  Plaintiff did not do so, and instead filed an appeal with this Court.  Accordingly, the district court did not err by dismissing Plaintiff's complaint for failure to state a claim.

**AFFIRMED.**